failed to offer evidence that the damages which he sought to recover had been sustained by his assignor. The motion to dismiss called this defect in the proof to the attention of the plaintiff's counsel. Jenks, P. J., Thomas, Carr, Rich and Stapleton, JJ., concurred.

David G. Legget, Respondent, v. Florence E. Pelletreau and Florence E. Pelletreau, as Administratrix, etc., of Vennette F. Pelletreau, Deceased, Appellants.—Judgment affirmed, with costs. No opinion. Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ., concurred.

Nathan Levy and Leo N. Levy, Respondents, v. Empire Brick and Supply Company, Appellant.—Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Annie Lund, as Administratrix, etc., of Albin Lund, Deceased, Appellant, v. Barrett Manufacturing Company, Respondent.—Judgment unanimously affirmed, with costs. No opinion. Present—Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ.

Louise Martini, Respondent, v. The Long Island Railroad Company, Appellant.—Judgment and order of the County Court of Queens county reversed and new trial ordered, costs to abide the event, for failure to charge the request contained at folio 173 of the record. Jenks, P. J., Burr and Rich, JJ., concurred; Hirschberg and Thomas, JJ., dissented upon the ground that notice is a legal term used in the classification of actual and constructive knowledge. Hence, the defendant erroneously requested that recovery could not be had unless the jury found a term used in law to denote knowledge communicated or knowledge implied. It is the function of the jury to find facts and not terminology. Moreover, the request was faulty in that it made the recovery dependent upon the notice of a "deep cavity." The defendant's counsel was attempting to preclude recovery unless the jury found notice of a "deep cavity." The court properly charged that the cavity must be of a sufficient depth to make it a negligent act on the part of the defendant to allow it to be maintained without repairs. But the defendant was not permitted to await a deep cavity, or one sufficiently large to entrap the foot of a traveler, but it was its duty, if it had or should have had knowledge, to make the repairs before the dangerous depth had been attained. The request is erroneous in form and substance, and there should be affirmance.

Annie Moriarty, as Administratrix, etc., of Michael Moriarty, Deceased, Respondent, v. The City of New York, Appellant.—Judgment and order unanimously affirmed, with costs. No opinion. Present—Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ.

Laura Van Zandt Owens, Respondent, v. Gouverneur M. Carnochan, as Surviving Executor and Trustee, etc., of Harriet F. Van Zandt, Deceased, Appellant, Impleaded with Others, Defendants.—Order affirmed, with ten dollars costs and disbursements. No opinion. Burr, Thomas, Carr, Rich and Stapleton, JJ., concurred.

Samuel Palley and Others, Appellants, v. Dime Savings Bank of Brooklyn and Others, Defendants, Impleaded with Sophie Lemberg, Respondent.—Judgment affirmed, with costs. No opinion. Jenks, P. J., Hirschberg, Burr, Thomas and Stapleton, JJ., concurred.